IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YP TEXAS REGION YELLOW PAGES, LLC f/k/a SOUTHWESTERN BELL YELLOW PAGES, INC. d/b/a AT&T ADVERTISING SOLUTIONS et al., **Plaintiffs,** v. IMAGE ADVERTISING, INC., **Defendant.** | 1:13-cv-2758-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Complaint [1].

## I.     BACKGROUND

On August 16, 2013, Plaintiffs YP Texas Region Yellow Pages, LLC f/k/a Southwestern Bell Yellow Pages, Inc. d/b/a AT&T Advertising Solutions, YP Western Directory, LLC f/k/a Pacific Bell Directory d/b/a AT&T Advertising Solutions, and YP Southeast Advertising & Publishing, LLC f/k/a Bellsouth Advertising &Publishing Corporation d/b/a AT&T Advertising Solutions (collectively, "Plaintiffs") filed this action arising from the alleged breach of contractual obligations by Defendant Image Advertising, Inc. ("Defendant").

Plaintiffs' Complaint asserts state law claims for statement of account, breach of contract, and unjust enrichment.

On September 12, 2013, the Court, after reviewing Plaintiffs' Complaint, issued an order [3] (the "September 12th Order") addressing the Court's subject matter jurisdiction over this matter.  The Court found that, as alleged in the Complaint, the Court could have only diversity jurisdiction because the Complaint asserts only state law causes of action.  The Court further found, however, that the Complaint failed to establish diversity jurisdiction because Plaintiffs failed to identify, and allege the citizenship of, their members and thus failed to allege sufficient facts to show their own citizenship.  The Court specifically explained that the citizenship of a limited liability company, like each Plaintiff, is based on the citizenship of its members.  The Court ordered Plaintiffs to file, on or before September 30, 2013, either an amended complaint alleging their citizenship or evidence establishing their citizenship.

On September 27, 2013, Plaintiffs filed a motion seeking additional time to comply with the September 12th Order.  The Court granted the motion and

extended Plaintiffs response deadline to October 30, 2013.  Plaintiffs did not thereafter comply with the September 12th Order.[1]

## II. DISCUSSION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

As discussed in the September 12th Order, it is clear, and Plaintiffs do not dispute, that the Court has subject-matter jurisdiction in this matter, asserting only state law causes of action, only if there is diversity jurisdiction.  See 28 U.S.C. § 1332(a).  Diversity jurisdiction exists where the amount in controversy exceeds

---

[1] On November 1, 2013, Plaintiffs filed a document titled "Consent Judgment" [7]. Although not accompanied by a motion or other paper, the filing is signed by Plaintiffs' counsel and a non-attorney purporting to represent Defendant, and it appears to be a proposed judgment for the Court's consideration.  The filing does not mention the September 12th Order or show any facts pertaining to the Court's jurisdiction.

$75,000 and the suit is between citizens of different states.  Id.  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

"[A] limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Plaintiffs' Complaint fails to show the citizenship of any Plaintiff.  Although Plaintiffs are alleged to be "corporations" with their principal places of business in Missouri, California, and Georgia, each Plaintiff's name plainly shows that it is not a corporation but a limited liability company.  Plaintiffs do not identify their members or the citizenship of their members.[2]

---

[2] Even if Plaintiffs are, in fact, corporations, Plaintiffs have not identified their states of incorporation.  See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been

Because Plaintiffs failed to respond to the Court's September 12th Order, the Court is limited to considering only the Complaint in determining whether subject matter jurisdiction exists.  See Travaglio v. Am. Express Co., No. 11-15292, 2013 WL 4406389, at *2–3 (11th Cir. Aug. 19, 2013).  The Complaint does not show that the Court has subject matter jurisdiction, and this action is thus required to be dismissed.  See King, 505 F.3d at 1171 (quoting Slaughter, 359 F.2d at 956).[3]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** this 12th day of November, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

incorporated *and* of the State or foreign state where it has its principal place of business . . . ." (emphasis added)).

[3] Even if the Court were to excuse Plaintiffs' failure to comply with the September 12th Order, the Court cannot enter the parties' purported "Consent Judgment" because, absent subject matter jurisdiction, such a judgment would be a nullity. See, e.g., Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1333 (11th Cir. 1998).